UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN BUHL,

                Plaintiff,                            Case No. 2:24-cv-12483

v.                                           Honorable Susan K. DeClercq
                                                United States District Judge

JULIE CLEMENT et al.,

                Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO
PROCEED *IN FORMA PAUPERIS* (ECF No. 2) AND SUMMARILY
DISMISSING COMPLAINT (ECF No. 1)**

John Buhl, proceeding *pro se*, brought this suit against two Michigan Supreme Court clerks for allegedly violating his constitutional rights. He claims that Defendants denied Buhl his right to access the courts when they refused to accept his filings for a writ of superintending control and instead told him to file an appeal of his trial-court case. However, as explained below, Buhl fails to state a claim upon which relief may be granted, so the case must be dismissed.

## I.      BACKGROUND

The factual allegations in Buhl's complaint are limited. He alleges that he was the defendant in a criminal case in Kalkaska County Circuit Court, *People v. John Buhl*, 24-4886-FH. *See* ECF No. 1 at PageID.3. After the state trial court "refused to make any decisions on pretrial motions," Buhl sought an order from the Michigan

Supreme Court directing the trial court to "honor/enforce [Buhl]'s clearly established Federal Constitutional Right to a Speedy Trial." *Id.* Buhl therefore submitted a complaint for a writ of superseding control to the Michigan Supreme Court. *Id.* Defendant Julie Clement, Michigan Supreme Court Deputy Clerk, rejected Buhl's first filing, advising him to instead file an appeal. *Id.* Buhl tried again to file his complaint for a writ of superintending control, but Defendant Julianna Claydon, Michigan Supreme Court Assistant Clerk, also rejected the filing and advised Buhl to appeal the trial court decision. *Id.* at PageID.3–4.

On September 20, 2024, Buhl filed this complaint, alleging Defendants violated his clearly established civil rights and seeking damages, declaratory relief, and injunctive relief. ECF No. 1. He also applied to proceed *in forma pauperis*. ECF No. 2. The application supports his claim of poverty, so it will be granted. However, as explained below, the complaint must be dismissed because it fails to state a claim upon which relief could be granted.

## II. STANDARD OF REVIEW

Because Buhl proceeds *in forma pauperis*, his claims must be reviewed under the standards set forth in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (recognizing that courts "must still screen" non-prisoner complaints under § 1915(e)(2)). Specifically, the Court must dismiss any claim that "(i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B).

Buhl also proceeds *pro se*, and so his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, Buhl is not immune from compliance with the Civil Rules. His complaint must still set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), one that would "give the defendant fair notice" of what the claim is and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Further, his complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (holding that the Civil Rule 12(b)(6) standard also applies to dismissals under § 1915(e)(2)(B)(ii)).

### III. ANALYSIS

Denial-of-access-to-courts claims are "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury without being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). As such, the allegations in the complaint must sufficiently address the underlying cause of action and the

- 3 -

remedy that would have been available had access not been denied. *Id.* Specifically, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued." *Id.* at 417. In short, a denial-of-access claim must allege injury by demonstrating that the underlying claim was meritorious. *Id.*; *see also Mikko v. Davis*, 342 F. Supp. 2d. 643, 648 (E.D. Mich. 2004) ("Without further information on the validity of the [underlying claim], Plaintiff fails to show an actual injury, and thus fails to state a cause of action for a violation of his right to access of the courts.").

Here, Buhl's claim fails for two reasons. First, none of the facts suggest that the Defendant Clerks should have accepted his filing. Second, even if the Clerks had accepted his filing, Buhl has failed to plead enough facts to suggest that his application for the writ was meritorious. Put simply, there are not enough facts for the Court to reasonably infer that Buhl was denied access to the courts.

First, Buhl fails to show that the Michigan Court Rules permit him to file a writ of superintending control under the circumstances he has alleged. Court Rule 3.302(B) states, "If another adequate remedy is available to the party seeking the [superintending control] order, a complaint for superintending control may not be filed." On the face of the complaint, it appears Buhl's application for writ of superintending control took issue with what he alleged was the trial court's refusal "to make any decision on pretrial motions," ECF No. 1 at PageID.3. He alleges that

- 4 -

this refusal effectively prevents him from using the appeals process, and so he had no other option but to seek the writ. ECF No. 1 at PageID.3–4. However, Buhl has an adequate remedy available to him: he simply must wait for the resolution of the pending motions and *then* file an appeal if he disagrees with the outcome. For this reason, the Clerks' refusal was consistent with the Michigan Court Rules.

Even if Buhl had shown that the filing should have been accepted, he has not demonstrated that he would have succeeded in attaining the writ on the merits. The writ for superintending control was not created as a shortcut to faster decisions by courts but rather as an "extraordinary remedy generally limited to determining whether a lower court exceeded its jurisdiction, acted in a manner inconsistent with its jurisdiction, or failed to proceed according to law." *In re Credit Acceptance Corp.*, 733 N.W.2d 65, 68 (Mich. Ct. App. 2007) (citing *Dep't of Pub. Health v. Rivergate Manor*, 550 N.W.2d 515, 517 (Mich. 1996)). Here, Buhl claims that the trial court violated his Speedy Trial rights but provides no factual basis for this claim. *See* ECF No. 1 at PageID.3. Considering that Buhl has not shown how the trial court failed to proceed according to law, this Court cannot infer that a writ of superintending control would have been appropriate.

Buhl claims his criminal case is *People v. John Buhl*, No. 24-4886-FH in Kalkaska County Circuit Court. ECF No. 1 at PageID.3. Although this Court was unable to find any record of such a case out of Kalkaska County, this Court assumes

for now that this allegation is true. Based on usual case-numbering conventions, it is reasonable to infer that the criminal case was filed no earlier than January 1, 2024. Buhl alleged that he sought the writ of superintending control in August 2024. *Id.* Therefore, his entire case could not have been pending for more than 8 months at the time of his filing. He has alleged no facts as to how long his motions were pending nor how much time, if any at all, would have been remaining on his Speedy Trial clock. This Court cannot reasonably infer on these facts that a writ would have been granted.

Even if Buhl could allege enough facts to support a denial-of-access claim, damages would not be available to him because Defendants are entitled to quasi-judicial immunity. "It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (citing *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967); then citing *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973)). A clerk refusing to accept an improper filing is not liable for damages, as such an act is related to the court's judicial process. *Mwonyonyi v. Gieszl*, 895 F.2d 1414 (6th Cir. 1990) (unpublished table decision); *see also Wojnicz v. Davis*, 80 F. App'x 382, 383–84 (6th Cir. 2003) (Michigan Supreme Court clerk who rejected a state habeas petition for filing in an attempt to comply with court

rules was entitled to immunity). As such, Buhl may not recover damages from Defendants.

For these reasons, the complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(ii)–(iii).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. The Application to Proceed Without Prepaying Fees or Costs, ECF No. 2, is **GRANTED**;

2. The Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**;

3. Plaintiff is **DENIED** permission to appeal *in forma pauperis* because an appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**This is a final order and closes the case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 10/8/2024